## WILFONG v. STATE.

Opinion delivered December 5, 1910.

1. JURY—EXAMINATION—PRESUMPTION.—Where the record recites that certain jurors were duly selected, sworn and impaneled as members of the jury, it will be presumed on appeal that they were examined under oath as to whether they were qualified jurors. (Page 628.)

2.  APPEAL AND ERROR—HARMLESS ERROR.—If it is competent to impeach a
    witness by proof that men were allowed to visit her house during
    all hours of the night, the exclusion of such testimony was not
    prejudicial where the witness herself testified substantially to the
    same effect.  (Page 628.)

Appeal from Bradley Circuit Court; *Henry W. Wells,*
Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,*
Assistant, for appellee.

PER CURIAM:  Appellant has not been represented here by
counsel, and we have no brief on his behalf.  We have, however,
carefully examined the record, and find the appeal to be with-
out merit or the appearance of merit.  The indictment charges
the crime of murder in the first degree, and appellant was con-
victed of murder in the second degree.  The evidence was
abundantly sufficient to sustain the verdict.  In fact, a verdict
for murder in the first degree would have been well sustained by
the evidence.

The motion for new trial sets up as one ground that the
court erred in allowing certain named jurors to be sworn and
impaneled as members of the jury without first having each of
them examined under oath as to whether they were qualified
jurors.  The record, however, recites that they were duly selected,
sworn and impaneled as members of the jury, and, in the
absence of any further affirmative showing in the record that
they were not examined in accordance with the statute, it will
be presumed that the court followed the statute in selecting
and impaneling them.

Another assignment of error is that the court refused to
permit appellant to prove by one of the witnesses that Willie
Brown, a witness who had testified on behalf of the State, had
for a long time before the killing been in the habit of permitting
men to visit her home during all hours of the night.  The killing
occurred at the house of Willie Brown, and she was present
when it occurred, and testified at the trial as to all the details.
Her own testimony showed that she was a woman of loose
character, and that her house was an immoral resort.  If it was
competent to prove by other witnesses that men were allowed to
visit her house during all hours of the night, there was no

error in refusing to allow the particular witness named to testify in this regard, as the substance of that testimony was proved by Willie Brown herself; and if the effect of this would have been to have discredited the testimony of Willie Brown, that effect was obtained from the latter's own testimony. So, even if the excluded testimony was competent, its exclusion was not prejudicial.

The other assignments of the motion for new trial are not borne out by the record. The judgment is affirmed.